E-FILED
Tuesday, 11 October, 2005  11:09:24 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNICE RENNEE OFFUTT,
    Plaintiff,

        vs.                                            No. 04-1231

LYNN CAHILL- MASCHING, et.al.,
    Defendants

<u>ORDER</u>

        This cause is before the court for case management and consideration of various pending motions filed by the plaintiff.

BACKGROUND

        The plaintiff, a state prisoner, filed her original complaint pursuant to 42 U.S.C. §1983 against eleven defendants from Dwight Correctional Center.   The complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* September 21, 2004 Court Order.  However, after merit review, the court found that the plaintiff had adequately alleged the following claims against the defendants in their individual capacities:

        1) The defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they:
                a) refused to allow a recommended hysterectomy;
                b) did not allow antibiotics for an infected fallopian tube;
                c)  failed to treat the plaintiff's diverticulitis; and
                d) did not allow prescribed medication for leg spasms.

        2) Defendants Christina Johnson, Heather Jordan, and Nena Amezcua-Eitemiller wrote false disciplinary tickets against the plaintiff in retaliation for her complaints about medical care.

        3) The defendants violated the plaintiff's First Amendment rights when they opened her legal mail. *See* September 21, 2004 Court Order.

        The plaintiff had also filed a variety of motions asking for emergency medical care. Although the plaintiff provided no medical documentation, she claimed her life was in jeopardy. Since the plaintiff is proceeding pro se, the court set this case for hearing and subpoenaed the medical director at Dwight Correctional Center, Dr. Louis Shicker, to testify about the plaintiff's medical condition and treatment.

        Dr. Shicker testified that based on his medical expertise and knowledge of the plaintiff's

medical condition, he believed the plaintiff did not suffer from any life threatening medical condition.  The doctor further stated that the plaintiff was in relatively good health, and the only abnormality detected was a cyst on her left ovary.  In addition, the plaintiff admitted she had refused approved treatment at an outside hospital.  There was no evidence that the plaintiff was in any physical jeopardy.

The plaintiff was also admonished not to continue filing repetitive motions with the court.

## PENDING MOTIONS

The plaintiff has filed a motion asking the court to order that she be given "laproscopic surgery, complete body bloodwork and complete urine test." (d/e 60, p. 1)   The plaintiff says the tests are needed to "ensure 100% that her life and health are not in danger." *Id*.  There is no medical evidence before this court to justify ordering additional medical treatment. The motion is denied.

The plaintiff has filed a motion asking the court to reconsider its September 21, 2004 order striking the documentation which came with her original complaint. [d/e 61];  *See* September 21, 2004 Court Order.  The plaintiff says she wants the court to consider her documentation in support of her claims.  The motion is denied.  The plaintiff has repeatedly filed hundreds of pages of documents with this court.  Many of which have no relation to her claims. In addition, filing hundreds of pages of documents does not help the plaintiff's claims, but instead confuses the issues.  The court has previously instructed the plaintiff, she should only file documents in support of specific motions.  The plaintiff has also filed a motion asking the court to review the documentation sent with her complaint. [d/e 76].  The court did review the documentation when originally reviewing her complaint.  The motion is denied.

The plaintiff has filed a motion asking for appointment of counsel. [d/e 62]  The plaintiff says she is depressed and, at times, suicidal. The plaintiff says she has refused psychiatric treatment.  The court is reluctant to appoint counsel in the beginning stages of a lawsuit until it is determined that the plaintiff has a meritorious claim.

Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *King v. Frank,* 328 F. Supp.2d  940, 951 (W.D.Wis   July 27, 2004).

In this case, the defendants have filed a motion for summary judgement claiming that the plaintiff has not exhausted her administrative remedies for most of her claims.  The court will not consider appointment of counsel until the plaintiff has at least demonstrated that she has taken the steps necessary to file a lawsuit in federal court.

The plaintiff has filed a motion for extension of time to file a response to the motion for summary judgement. [d/e 63] The motion is granted and the court notes that the plaintiff has now filed a response.

The plaintiff has filed a motion asking Defendant Shicker to produce copies of her medical records to the court and to have her medical records "tested" to see if they are altered. [d/e 67] The motion is denied.  The plaintiff may request copies of her own medical records through the discovery process, but they should not be produced to the court at this time.

The plaintiff has also filed a motion a motion to "oppose Defendant Louis Shicker's July 27, 2005 legal mail." [d/e 68] The plaintiff has not clearly articulated what relief she is requesting. The motion is denied.

The plaintiff's motion to amend her living will is also denied. [d/e 70] This is not a proper motion before this court.

The plaintiff's motion for another video hearing to discuss her medical condition is denied. [d/e 74].  The court is aware of the plaintiff's claims through her various filings with the court.  The plaintiff's motions to address the court to discuss problems, procedures and additional potential claims are denied. [d/e 77, 81, 82, 83]  The plaintiff's motion requesting an update on the status of her case is denied. [d/e 80]

The plaintiff's motion for a court order allowing her to be transferred is denied. [d/e 79]. The plaintiff makes vague accusations about harassment and retaliation and has not filed a proper motion.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for surgery and medical tests is denied. [d/e 60]**

**2) The plaintiff's motion to reconsider the court's September 21, 2004 court order is denied [d/e 61]  The plaintiff's motion asking the court to again review the documents that accompanied her original complaint is denied. [d/e 76]**

**3) The plaintiff's motion for appointment of counsel is denied with leave to renew. [d/e 62]**

**4) The plaintiff's motion for an extension of time to respond to the motion for summary judgement is granted. [d/e 63] The court notes that plaintiff has now filed a response.**

**5) The plaintiff's motion for a copy of medical records and testing of medical records from Dr. Shicker is denied. [d/e 67]**

**6) The plaintiff's motion to "oppose Defendant Louis Shicker's July 27, 2005 legal mail" is denied. [d/e 68]**

**7) The plaintiff's motion to amend her living will is denied. [d/e 70]**

**8) The plaintiff's motion for an update on the status of her case and motions to address the court are denied. [d/e 74, 77, 80, 81, 82, 83]**

**9) The plaintiff's motion for a court order allowing her transfer is denied. [d/e 79]**

Enter this 11th day of October, 2005.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

4