UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNICE RENEE OFFUTT,
    Plaintiff,

vs.      04-1231

LYNN CAHILL-MASCHING, et al.,
    Defendants.

## ORDER

This cause is before the court on the defendants' motion for partial summary judgement [d/e 56]. The motion is granted.

### I. BACKGROUND

The plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. §1983 against eleven defendants from Dwight Correctional Center. After merit review, the court found that the plaintiff had adequately alleged the following claims against the defendants in their individual capacities:

    1) The defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they:
        a) refused to allow a recommended hysterectomy;
        b) did not allow antibiotics for an infected fallopian tube;
        c) failed to treat the plaintiff's diverticulitis; and
        d) did not allow prescribed medication for leg spasms.

    2) Defendants Christina Johnson, Heather Jordan, and Nena Amezcua-Eitemiller wrote false disciplinary tickets against the plaintiff in retaliation for her complaints about medical care.

    3) The defendants violated the plaintiff's First Amendment rights when they opened her legal mail. *See* September 21, 2004 Court Order.

### II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56©).  A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.   Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);   Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

### III. DISCUSSION

The defendants argue that the plaintiff has failed to exhaust her administrative remedies as required for some of the claims in her complaint.   The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendants state that the plaintiff has failed to exhaust her administrative remedies as required for her claims that: 1) Defendants Christina Johnson, Heather Jordan, and Nena Amezcua-Eitemiller wrote false disciplinary tickets against the plaintiff in retaliation for her complaints about medical care; 2)the defendants violated the plaintiff's First Amendment rights when they opened her legal mail; and 3) the defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they did not allow antibiotics for an infected fallopian tube.

The defendants have submitted an affidavit from the Chairperson with the Office of Inmate Issues. Jackie Miller states she has searched the records of the Administrative Review Board and did not find grievances for any of these three claims.

The plaintiff has filed a response.  The plaintiff claims she did file grievances, but no action was taken. The plaintiff has provided copies of responses from the Administrative Review Board, but none that pertain to the three claims in question.  The court has also reviewed previous documentation submitted by the plaintiff, and has failed to find any other grievances on these issues.  In addition, the plaintiff has not provided copies of any grievances she claims she filed, nor even dates that she alleges she wrote these grievances.

The court of appeals has often observed that summary judgment is the "put up or shut up"

2

moment in a lawsuit. <u>Schacht v. Wisconsin Department of Corrections,</u> 175 F.3d 497, 504 (7th Cir.1999). This means that to defeat defendants' motion for summary judgment, the plaintiff was required to show some evidence that she had exhausted her administrative remedies or some evidence that she was prevented from exhausting his administrative remedies. The plaintiff has failed to do this. Accordingly, defendants' motion for summary judgment on three of the plaintiff's claims will be granted. [d/e 56]

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion for partial summary judgement is granted. [d/e 56]**

**2) The following claims are dismissed: 1) Defendants Christina Johnson, Heather Jordan, and Nena Amezcua-Eitemiller wrote false disciplinary tickets against the plaintiff in retaliation for her complaints about medical care; 2)the defendants violated the plaintiff's First Amendment rights when they opened her legal mail; and 3) the defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they did not allow antibiotics for an infected fallopian tube.**

**3) The plaintiff's surviving claims are that the defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they:**
    **a) refused to allow a recommended hysterectomy;**
    **b) failed to treat the plaintiff's diverticulitis; and**
    **c) did not allow prescribed medication for leg spasms.**

**4) The defendants must file an answer to the surviving claims within twenty-one days of this order.**

**5) All discovery must be completed on or before Friday, February 3, 2006.**

**6) Any dispositive motions must be filed on or before Friday, March 3, 2006.**

Enter this 11th day of October, 2005.

                                      s\Harold A. Baker
                               _____
                                    HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE