UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNICE RENNEE OFFUTT,
  Plaintiff,

vs.                                        No. 04-1231

LYNN CAHILL- MASCHING, et.al.,
  Defendants

## CASE MANAGEMENT ORDER #4

     This cause is before the court for case management and consideration of various pending motions.

### BACKGROUND

     The plaintiff, a state prisoner, filed her original complaint pursuant to 42 U.S.C. §1983 against eleven defendants from Dwight Correctional Center. The complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* September 21, 2004 Court Order. The court conducted a merit review and after discussing the complaint with the plaintiff, identified several potential claims against the defendants. *See* September 21, 2004 Court Order.

     The defendants then filed a motion for partial summary judgement stating that the plaintiff had failed to exhaust her administrative remedies for some claims. The motion was granted. *See* October 11, 2005 Court Order.

     The plaintiff's surviving claims are that the defendants were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment when they:

        a) refused to allow a recommended hysterectomy;
        b) failed to treat the plaintiff's diverticulitis; and
        c) did not allow prescribed medication for leg spasms.

     The court also notes that the plaintiff had filed a variety of motions stating that her life was in jeopardy and she needed emergency medical care. Since the plaintiff was proceeding pro se, the court set the case for hearing and subpoenaed the medical director at Dwight Correctional Center, Dr. Louis Shicker, to testify about the plaintiff's medical condition and treatment.

     Dr. Shicker testified that based on his medical expertise and knowledge of the plaintiff's medical condition, he believed the plaintiff did not suffer from any life threatening medical condition. The doctor further stated that the plaintiff was in relatively good health, and the only abnormality detected was a cyst on her left ovary. In addition, the plaintiff admitted she had refused approved treatment at an outside hospital. There was no evidence that the plaintiff was

in any physical jeopardy.

The plaintiff was admonished not to continue filing unnecessary motions. Nevertheless, the plaintiff continues to file motions that are not helpful to her or the disposition of the case.

## PENDING MOTIONS

The plaintiff has first filed a motion asking for a court order directing that her deposition be taken by video. The plaintiff fears that her answers will be inaccurately recorded and she will be intimated during the deposition. The plaintiff provides no specific support for her claims. The motion is denied. [d/e 93]. The court reporter's job is to accurately record everything that is said in the deposition. The plaintiff is then given an opportunity to note any mistakes.

The plaintiff's deposition was then taken, and she has also filed a motion asking to throw out the deposition "due to it being fraud, altered and falsified." [d/e 106] The plaintiff appears to state that the deposition is full of inaccuracies and she was not given a chance to look over her deposition after it was taken.

The defendants have responded to the motion with an affidavit from the court reporter. The court reporter states that the deposition was taken on February 3, 2006, but the testimony was not transcribed until a few days later, outside the presence of both parties. The court reporter says the transcript accurately reflects the testimony taken during the deposition. The court reporter further states that she sent a letter and a copy of the transcript to the plaintiff on February 10, 2006 asking for her to make any necessary changes or corrections. Ms. Offutt never responded, and apparently refused to provide any corrections. The plaintiff makes no mention of this in her motion.

The plaintiff was given an opportunity to make corrections to her testimony, but chose not to. Her motion is denied. [d/e 106]

The plaintiff has filed a motion asking for the court to order the warden to release her from segregation. [d/e 95]. The plaintiff does not believes she has not done anything to warrant time in segregation. This is an improper motion. The court will not intervene in matters of prison administration that largely rest within the discretion of the state officials who run the prison. In addition, the plaintiff must take full advantage of the resources those officials provide for addressing inmate concerns such as filing grievances. *See* <u>Farmer V. Brennan</u>, 114 S.Ct. 1970, 1984.

The plaintiff has filed a motion asking the court to issue a subpoena for copies of her grievances.[d/e 96]. The motion is denied. The plaintiff must use the discovery process to obtain any relevant documents.

The plaintiff has filed a motion requesting "Four Injunctions against the Illinois Department of Corrections." [d/e 97] A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The prerequisites to the granting of a preliminary injunction are well established. The plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990).

The plaintiff asks to be transferred to another institution were the defendants do not work. She asks for the court to bar the defendants from placing her in segregation. She wants all her meals delivered to her housing unit and she wants to be placed in a general population cell without a room mate. The plaintiff makes broad allegations in support of her claims, but has not met her burden. The motion is denied. [d/e 97]

The plaintiff has filed a motion asking for additional time to file a response to the defendants' summary judgement motions. [d/e 103] The motion is granted and the court noes that the plaintiff has now filed a response. However, the plaintiff has also filed a motion asking to use the exhibits attached to her complaint. [d/e 104] The court struck the hundreds of pages of exhibits when it found that her complaint was a violation of Rule 8. The plaintiff says these are the only copies of some exhibits and she would like to use these exhibits as evidence.

The plaintiff does not clarify when she would like to use the exhibits as evidence. She has filed a response to the motions for summary judgement which includes several exhibits. She does not state that she needs any additional documentation for this response.

Nonetheless, since the plaintiff is proceeding pro se, the court will order the clerk of the court to return all documents that were attached to the complaint to the plaintiff. The court will not retain copies of these documents since they were stricken from the record. The plaintiff will have the documents in her possession if this case proceeds to trial. The court will also give the plaintiff a short extension of time is she wishes to submit any of these documents in response to the motions for summary judgment. The plaintiff is advised that she should keep the original documents, and provide copies to the court and defense counsel. The plaintiff must file any additional response to the motions for summary judgement on or before Friday, July 7, 2006. No continuances will be granted.

The plaintiff has filed a motion for appointment of counsel.[d/e 107] The plaintiff says it is unfair that she has a limited education and defense counsel is trained in the law. The plaintiff says she is not familiar with the rules and procedures necessary to litigate her claims. It would be easier for both the plaintiff and the court if she had counsel representing her in this case. However, the plaintiff has no constitutional or statutory right to be represented by an attorney and

the court does not have a ready supply of attorneys to appoint for pro se plaintiffs. The plaintiff is capable of representing herself at this stage of the proceedings.

The plaintiff has filed a motion asking the court to find Defendant Dr. Louis Shicker in contempt and to strike his affidavit and exhibits in the motion for summary judgement. The plaintiff claims the medical records are forged and falsified. [d/e 108]. The plaintiff makes this broad allegation, but provides no support for her claims. The plaintiff's motion is denied. She can point out any inaccuracies in response to the summary judgement motions.

The plaintiff has also filed a motions asking to expedite her case and request for status of her case. [d/e 118, 121] The motions are denied. The court has already set this case on an expedited schedule and it is the plaintiff's job to keep tabs on her lawsuit. The plaintiff will be notified of any activity or settings in the case. The plaintiff must also allow time for the defendants and the court to respond to various motions.

The defendants have filed a motion to substitute counsel [d/e 117]. The plaintiff has objected, but the defendants may reassign attorneys as long as it does not cause unnecessary delays in the case. The motion is granted.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for a court order that her deposition be taken by video is denied. [d/e 93]**

**2) The plaintiff's motion for a court order barring the use of her deposition is denied. [d/e 106]**

**3) The plaintiff's motion for a court order allowing her release from segregation is denied. [d/e95]**

**4) The plaintiff's motion for a court order issuing a subpoena for her grievances is denied. [d/e 96]**

**5) The plaintiff's motion for preliminary injunctions is denied. [d/e 97]**

**6) The plaintiff's motion for permission to use documents attached to her original complaint is granted. [d/e 104] The clerk of the court is directed to return all the documents attached to the plaintiff's original complaint submitted on July 8, 2004. The court will not maintain copies of these documents since they have been stricken from the record. The plaintiff will be responsible for these records.**

**7) The plaintiff's motion for additional time to file a response to the summary**

judgement motions is granted. [d/e 103] The plaintiff must file any additional response on or before Friday, July 7, 2006.  NO EXTENSIONS OF TIME WILL BE GRANTED.

8) The plaintiff's motion for appointment of counsel is denied. [d/e 107]

9) The plaintiff's motion to hold Dr. Shicker in contempt and strike his affidavit is denied. [d/e 108]

10) The plaintiff's motions to expedite her case and for information on the status of her case are denied. [d/e 118, 121]

11) The defendants' motion to substitute counsel is granted. [d/e 117]

Entered this 8th day of June, 2006.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE