UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNICE RENEE OFFUTT,
    Plaintiff,

vs.                                                               04-1231

LYNN CAHILL-MASCHING, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motion to proceed in forma pauperis on appeal. [d/e 148]

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

On January 14, 2008, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating her grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). On February 7, 2008, the court granted the plaintiff's motion for an extension of time to file a brief.

The plaintiff has now filed several motions asking the court to consider her brief even though it was filed after the court's deadlines. [d/e 160, 161, 162, 163]. The court will grant the plaintiff's first motion and consider the brief. [d/e 160]. The remaining motions were all filed on the same day and are denied as repetitive. [d/e 161, 162, 163]

On December 12, 2007, the court granted the defendants' motion for summary judgement. *See* December 12, 2007 Court Order. The plaintiff's surviving claims alleged that the defendants were deliberately indifferent to her serious medical conditions in violation of the Eighth Amendment. There was no evidence before the court to support the plaintiff's claims that she suffered from a serious medical condition or that the defendants were deliberately indifferent to her condition. The plaintiff had in fact received a variety of medical care, treatment and testing from medical providers both inside and outside the correctional facility. None of the testing revealed a serious medical condition. In addition, the plaintiff admitted that she refused and/or failed to cooperate with some medical care.

In her brief, the plaintiff first argues that the court granted summary judgement because she did not respond to the defendants statement of undisputed facts . Therefore, the plaintiff says the court should reverse its decision since the plaintiff was proceeding pro se. The plaintiff is

1

incorrect. The court did not consider the fact that the plaintiff has failed to respond to the defendants statement of undisputed facts and took into account the plaintiff was proceeding pro se. The court's order acknowledges that the plaintiff did not respond, and "[t]herefore, the following facts are taken from the defendants' statement of undisputed facts and the plaintiff's response to the dispositive motion." (Dec. 12, 2007 Court Order, p. 2).

The plaintiff next argues that the defendants have tampered with her medical records and removed records that verify her claims. The plaintiff has never provided adequate proof of this allegation. The court also notes that the medical records that do exist in her file are from both medical providers within the correctional facility and from outside medical providers and none support her medical claims.

The plaintiff also claims that Dr. Shicker offered no proof that she failed to show up for her June 3, 2003 appointment and therefore had no reason to discontinue medication that had been previously prescribed to her. Its interesting that the plaintiff does not claim she did attempt to attend this appoint since she has admitted that she failed to accept offered treatment or cooperate with medical care on occasion. *See* December 12, 2007 Court Order.

Nonetheless, even if she had attended this appointment, there was no medical reason to continue the medication. Prior to the June 3, 2003 appointment, the plaintiff had undergone neurological testing at the University of Illinois Medical Center in Illinois. Dr. Shicker, the Dwight Correctional Center Medical Director, spoke to the neurologists on May 29, 2003, and the neurologists did not recommend any further testing. They also told Dr. Shicker that the plaintiff "suffered from no serious medical/neurological disease." (Def. Memo, Shicker Aff., p. 4). The June 3, 2003 appointment was scheduled to discuss these results.

The medical records demonstrate that the plaintiff received a variety of testing and examination from doctors both inside and outside the correctional facility but no results have ever indicated that the plaintiff suffers from a serious medical condition. *See* Dec. 12, 2007 Court Order.). Even if the doctors had misdiagnosed the plaintiff, there is no evidence that the defendants were deliberately indifferent to her condition.

The court is therefore unable to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $455 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, she must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that:

1) The plaintiff's first motion asking the court to consider her brief stating her grounds for appeal is granted. [d/e 160]. The remaining motions are denied as repetitive. [d/e 161, 162, 163].

2) The plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 148]. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days. <u>The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

Enter this 2nd day of June, 2008.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE